IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SAEED NURIDEEN, el ayatollah ali, Natural Person, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CV 122-129 |
| EDWARD PHILIBEN, doing business as Warden, | ) ) ) ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Upon review of the petition, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

I.   **BACKGROUND**

On September 30, 2022, Petitioner, serving a state sentence at ASMP, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. no. 1.) In his petition, he argues he is being held illegally at ASMP on the orders of "members of the Roman curia agents for United States Corporation Company under Unam Sanctum Operations," and asserts various allegations of genocide, "denationalization," and treason against Respondent. (Id. at 1-7.) For relief, Petitioner requests: (1) Respondent acknowledge, honor, and follow the supreme law of the land via the treaty, (2) Respondent make use of any/all measurements to restore all rights

to claimant's inherited estate, birthrights, and freedom on the land, and (3) to confiscate Respondent's assets pursuant to the "July 4, 2014 Civil Orders Letter by Pope Frances" who "clearly indicated that United States Corporation company is owned by the Vatican and administered by the Popes of Rome under Uram Sanctum Operations." (Id. at 7.)

## II.     DISCUSSION

Dismissal is appropriate because it "plainly appears from the face of the petition that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts[1]; see also 28 U.S.C. § 2243 (requiring response to petition unless it appears applicant is not entitled to relief); McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face. . . .").

Rather than attacking the execution of his sentence, Petitioner requests relief on the basis that Defendant is committing fraud and genocide by feeding him artificial and processed foods, treason by attempting to overthrow the "treaty of peace" between the United States and Moorish Empire, and "denationalization" by failing to disclose Petitioner's political status. (See id. at 6-7.) The petition is replete with conspiratorial allegations and bizarre legal theories regarding "natural personhood" and the "United States corporation" that Courts have consistently found too frivolous to entertain. See Libertad v. Massachusetts, No. 1:21-CV-03888-SDG, 2022 WL 1136727, at *2 (N.D. Ga. Apr. 18, 2022) (rejecting similar claims as inherently frivolous); Young v. PNC Bank, N.A., No. 3:16CV298/RV/EMT, 2018 WL

---

[1]The Rules Governing Section 2254 cases also may be applied to cases filed under section 2241.  Rule 1(b), Rules Governing Section 2254 Cases.

1251920, at *2 (N.D. Fla. Mar. 12, 2018) (finding "natural human" theories are outlandish and consistently rejected).

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 1st day of November, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA